UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAHIEM PEDROW,<br><br>                                   Plaintiff,<br><br>-against-<br><br>GREENBURGH POLICE DEPARTMENT; ALL SOCIAL MEDIA; FACEBOOK; X; INSTAGRAM; POLICE OFFICER W. BARBOUR; TOWN OF GREENBURGH,<br><br>                                   Defendants. | **ORDER OF SERVICE**<br><br>24-CV-04010 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently incarcerated at Elmira Correctional Facility, brings this *pro se* action under the court's federal question jurisdiction, alleging that Defendants violated his federally protected rights.[1] The Court construes the complaint as asserting claims under Section 1309 of the Violence Against Women Act Reauthorization Act of 2022, 15 U.S.C. § 6851, and claims under state law. By order dated August 19, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] For the reasons set forth below, the Court: (1) dismisses Plaintiff's claims against "All Social Media", Facebook, X., Instagram, and Greenburgh Police Department, with 30 days' leave to replead his claims against Facebook, X., and Instagram; and (2) directs service on Officer Barbour and the Town of Greenburgh.

---

[1] Plaintiff was detained in the Westchester County Jail at the time he files the complaint in this action.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

A.   Claims Against Social Media Companies

Plaintiff attempts to assert federal constitutional claims under 42 U.S.C. § 1983 against social media companies Facebook, X., and Instagram, as well as "All Social Media." A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Social media companies are private parties and are not government entities. *See, e.g.*, *Brock v. Zuckerberg*, No. 20-CV-07513, 2021 WL 2650070, at *3-4 (S.D.N.Y. June 25, 2021) (holding Facebook is not a state actor and noting that while the Second Circuit has not addressed the question, "other circuits that have confronted the issue have unanimously held platforms like Facebook are not state actors" (citing cases)). Plaintiff therefore has not stated a claim against these defendants under Section 1983.

To the extent Plaintiff seeks to assert claims other those arising under Section 1983 against these defendants, those claims are also dismissed. "All Social Media" is not a suable entity, and Plaintiff alleges no facts suggesting that any of the social media companies did anything that violated his rights. In fact, other than listing them in the caption of the complaint, Plaintiff does not mention the social media companies at all in the complaint. The Court therefore dismisses Plaintiff's claims against "All Social Media," Facebook, X., and Instagram for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants him 30 days' leave to replead his claims against Facebook, X., and Instagram in an amended complaint should he be so advised. In the event Plaintiff elects to replead his claims against Facebook, X., and Instagram, Plaintiff must not only name those entities as defendant(s) in the caption of the amended complaint, he must identify them in the statement of claim and the body of the amended complaint. He must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. Because any amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint should he so file.

B.    Claims Against Greenburgh Police Department

Plaintiff's claims against the Greenburgh Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185

3

F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). In light of Plaintiff's *pro se* status, the Court will construe any allegations he is asserting against the Greenburgh Police Department as asserted against the Town of Greenburgh, which he also names as a defendant.

C.      Service on Office Barbour and the Town of Greenburgh

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Officer W. Barbour and the Town of Greenburgh through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against "All Social Media", Facebook, X., Instagram, and Greenburgh Police Department for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his claims against Facebook, X., and Instagram as set forth above.

The Clerk of Court is further instructed to issue summonses for Officer W. Barbour and the Town of Greenburgh, complete the USM-285 form with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: White Plains, New York
October 15, 2024

_____
PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Officer W. Barbour
   Greenburgh Police Department
   188 Tarrytown Road
   White Plains, NY 10607

2. Town of Greenburgh
   Office of the Greenburgh Town Attorney
   177 Hillside Avenue
   Greenburgh, NY 10607