UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAHIEM PEDROW,

                   Plaintiff,

       -against-

OFFICER W. BARBOUR and TOWN OF
GREENBURGH,

                Defendants.

**<u>OPINION AND ORDER</u>**

24-CV-04010 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Jahiem Pedrow ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, commenced this action on May 15, 2024. (*See* Doc. 1, "Compl."). He brings claims against Officer W. Barbour ("Barbour") and the Town of Greenburgh (the "Town Defendant") for violations of his constitutional rights and municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).[1] By motion dated February 7, 2025, the Town Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 23; Doc. 24; Doc. 25, "Def. Br.").[2] Plaintiff did not file any opposition to the motion.[3]

---

[1] Plaintiff also initially named the Greenburgh Police Department, "All Social Media," Facebook, X., and Instagram as defendants. (*See generally* Compl.). The Court, by Order dated October 15, 2024, dismissed Plaintiff's claims against all defendants but Barbour and the Town Defendant, and construed Plaintiff's allegations against the Greenburgh Police Department as being asserted against the Town Defendant. (Doc. 9).

[2] On November 7, 2024, Barbour answered the Complaint. (Doc. 12). Accordingly, the Town Defendant moved to dismiss only as to the claims asserted against it. (*See* Doc. 23).

[3] The Town Defendant, in accordance with the Court's Individual Practices, filed a pre-motion letter on December 27, 2024, indicating its intention to move to dismiss the Complaint. (Doc. 17). The Town Defendant simultaneously filed an Affidavit of Service indicating that the pre-motion letter was mailed to Plaintiff. (Doc. 18). On January 6, 2025, as Plaintiff had yet to file a response to the pre-motion letter, the Court waived any pre-motion conference requirement and set a briefing schedule for the Town Defendant's motion to dismiss, with Plaintiff's opposition due on March 7, 2025. (Doc. 20). That same day, the Town Defendant served a copy of the Court's January 6, 2025 order on Plaintiff. (Doc. 21). On February 7, 2025, the Town Defendant filed the notice of motion, supporting papers, and affidavit of service, which indicates the Town Defendant's motion papers were mailed to Plaintiff by regular mail. (*See* Docs. 23-26). Plaintiff

For the reasons set forth below, the Town Defendant's motion to dismiss the Complaint is GRANTED.

## BACKGROUND

Plaintiff alleges that, "[o]n or about April 7th-10th, 2023," while on Manhattan Avenue in the Town of Greenburgh, Plaintiff "consumed to[o] many Alcohol beverages," which resulted in him "coming out of [his] clothing" while on the street. (Compl. at 4; Doc. 22 at 2) (cleaned up).[4] During this incident, "negative nude image[s]" of Plaintiff were allegedly captured on a traffic camera on Manhattan Avenue, then posted online and on various social media platforms. (*Id.*). Plaintiff alleges that Barbour accessed the video footage from the Greenburgh Police Station and posted such footage without Plaintiff's knowledge or consent. (*Id.*). Plaintiff claims that Barbour's actions violated his 1st, 8th, and 14th Amendment rights, and "contributed to cyber bullying" in violation of the Violence Against Women Reauthorization Act of 2022, 15 U.S.C. § 6851 ("VAWA"). (*Id.* at 4-5; Doc. 22 at 1).[5]

---

did not file opposition papers. On March 19, 2025, the Court *sua sponte* extended Plaintiff's time to oppose the motion to April 11, 2025, warned Plaintiff no further extensions would be granted, and cautioned that if Plaintiff failed to file opposition by April 11, 2025, the motion would be deemed fully submitted and unopposed. (Doc. 27). While the Court's March 19, 2025 order was mailed to Plaintiff (*see* Mar. 20, 2025 Entry), it was returned on April 7, 2025, with the notation, "Name & Din # don't match" (Apr. 7, 2025 Entry). Nevertheless, as is clear from the docket, and despite the above mailing return, Plaintiff had ample notice of the Town Defendant's motion to dismiss based on the multiple previously successful mailings in this action and failed to file any opposition thereto. Accordingly, the Court deems the motion fully submitted and *sub judice*.

[4] All citations to the Complaint use the pagination generated by ECF.

[5] On January 28, 2025, Plaintiff filed a document entitled, "Jury Trial Requested." (Doc. 22). As this document was filed after the Town Defendant filed its pre-motion letter, but before the Town Defendant filed the instant motion, and given the liberality afforded *pro se* litigants, the Court considers on this motion the additional allegations in that document that are relevant to this motion, to the extent they are consistent with the Complaint. *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) ("Where new allegations in a *pro se* plaintiff's opposition memoranda 'are consistent with the allegations contained' in the Complaint, they may be read 'as supplements to th[e] pleadings . . . .'" (quoting *Boyer v. Channel 13, Inc.*, No. 04-CV-02137, 2005 WL 2249782, at *6 (S.D.N.Y. Mar. 9, 2005))). While Plaintiff cites to 15 U.S.C. § 6851 for the first time in the "Jury Trial Requested" document (Doc. 22 at 1), Plaintiff alleges in

This litigation followed.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[6] A claim is plausible on its face "when the ple[d] factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556

---

the Complaint that Barbour's conduct "contributed to cyber bullying" (Compl. at 4). Construing the *pro se* Plaintiff's allegations liberally, and as these two separate sets of allegations could arguably be construed to be consistent, the Court will consider the assertions in Plaintiff's "Jury Trial Requested" document as set forth above. *See Vail*, 68 F. Supp. 3d at 427.

[6] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "are often 'unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). As such, *pro se* plaintiffs are not completely relieved of their duty to satisfy these pleading standards, and specifically, Rule 8 of the Federal Rules of Civil Procedure nevertheless still requires a *pro se* plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g.*, *Moore v. City of New York*, No. 15-CV-04578, 2016 WL 3963120, at *5-6 (S.D.N.Y. July 21, 2016) ("when a plaintiff is proceeding

*pro se*, 'all normal rules of pleading are not absolutely suspended.'") (citing *Dallio v. Herbert*, 678 F. Supp. 2d 35, 55-56 (N.D.N.Y. 2009)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the claims challenged on this motion even without the benefit of formal opposition to the motion.

## ANALYSIS

### I.    Plaintiff's Claims for Relief Under 42 U.S.C. § 1983

Under *Monell*, 436 U.S. at 658 and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *Lockett v. City of Middletown*, No. 19-CV-08255, 2021 WL 1092357, at *5 (S.D.N.Y. Mar. 22, 2021). Construing the Complaint liberally, Plaintiff's claims against the Town Defendant are grounded

in its liability for Barbour's alleged constitutional violations under *Monell*. The Town Defendant moves to dismiss this municipal liability claim as brought against it under 42 U.S.C. § 1983.

"[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). "Plaintiff must plead allegations that 'the government body *itself* subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" *Jimenez v. City of New York*, No. 18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original)). Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)). There are several ways in which a Plaintiff can demonstrate that an official policy or custom existed including:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Id.* (quoting *Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996)).

Here, Plaintiff fails to identify an official policy or custom maintained by the Town Defendant that allegedly subjected Plaintiff to a violation of his constitutional rights. In fact, Plaintiff lists the Town of Greenburgh as a Defendant in the Complaint (Compl. at 3), but otherwise only mentions it once, alleging that the Town Defendant "failed to protect its obligation in keeping the privacy and safety of the community" (Doc. 22 at 2 (cleaned up)). "Th[is] scant reference[] to the [Town Defendant] in the Complaint [is] wholly insufficient for the Court to find that Plaintiff has alleged an official policy or custom maintained by the [Town Defendant] that subjected Plaintiff to a violation of his constitutional rights." *Williams v. Lohard*, No. 20-CV-10571, 2022 WL 269164, at *3-4 (S.D.N.Y. Jan. 28, 2022) (dismissing *Monell* claim where plaintiff plead only a solitary incident and failed to allege any municipal policy, practice or custom); *see also Smith v. Westchester Cnty.*, No. 19-CV-01283, 2019 WL 5816120, at *5 (S.D.N.Y. Nov. 7, 2019) (dismissing *Monell* claim where plaintiff "describe[d] only his own experiences"); *Oriental v. Vill. of Westbury*, No. 18-CV-03878, 2019 WL 4861413, at *4 (E.D.N.Y. Oct. 2, 2019) (dismissing *Monell* claim where "the complaint contain[ed] only a detailed account of plaintiffs' own experiences").

Accordingly, the *Monell* claim against the Town Defendant is dismissed.[7]

II.    Plaintiff's Claims for Relief under VAWA

VAWA provides a private right of action to "an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure." 15 U.S.C. § 6851(b)(1)(A). Plaintiff's Complaint, read liberally,

---

[7] Given the conclusions reached herein, the Court need not and does not reach the Town Defendant's remaining arguments regarding Plaintiff's alleged failures to state a claim. (*See* Def. Br. at 3-7).

appears to state that Barbour's conduct in allegedly posting the "negative nude image[s]" of Plaintiff to social media platforms "contributed to cyber bullying," constituting a violation under VAWA, *id.* § 6851. (Compl. at 4; Doc. 22 at 1).

However, construing *pro se* Plaintiff's Complaint liberally, there are no allegations in the Complaint that plausibly tie the Town Defendant to Barbour's alleged conduct. *See Rivers v. Multacom Corporation*, No. 24-CV-05585, 2025 WL 937206, at *1 (S.D.N.Y. March 24, 2025) (holding that where Plaintiff alleged "in conclusory terms that Defendants 'participated' in the illegal uploading of intimate videos of Plaintiff," this was insufficient to state facts entitling Plaintiff to relief from Defendants). Not only does Plaintiff fail to connect the Town Defendant to Barbour's alleged "retrieval" and "post[ing]" of the "negative image," he also fails to allege *any* facts or theories of liability concerning the Town Defendant's role thereto.

Accordingly, as the Court must dismiss an *in forma pauperis* complaint, or portion thereof, that fails to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and as Plaintiff's allegations do not comply with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's VAWA claim must be dismissed as to the Town Defendant. *See Rivers*, 2025 WL 937206, at *1-2. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead and file an amended complaint to attempt to remedy the above-stated deficiency, and state facts connecting the Town Defendant to Barbour's alleged violations of VAWA.[8]

---

[8] The Town Defendant argues Plaintiff's state law claims should be dismissed for failure to follow notice of claim requirements under the New York General Municipal Law. (Def. Br. at 8-9). The Court agrees. To the extent the pleadings can be construed to include any state law tort claims against the Town Defendant, such claims are dismissed for failure to comply with the New York General Municipal Law § 50-e. Specifically, this provision requires service of a notice of claim within 90 days after a claim arises "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation . . . or any officer, appointee or employee thereof." N.Y. Gen. Mun. Law § 50–e(1). Further, it is Plaintiff's burden to affirmatively plead compliance with such notice of claim requirements. *Stein v. Town of Greenburgh*, No.

## CONCLUSION

Based on the foregoing, the Town Defendant's motion to dismiss is GRANTED. Plaintiff's claims against the Town Defendant are dismissed.

Plaintiff may file an amended complaint, addressing the pleading deficiencies discussed herein, within 30 days of the date of this Order. Plaintiff is reminded that if he does choose to file an amended complaint, the amended complaint will completely replace, not supplement, the original complaint, and any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. In the event that Plaintiff does not file an amended complaint within 30 days, the action against the Town Defendant will be dismissed without prejudice and this case will proceed on the claims alleged in the Complaint against Barbour.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 23), terminate the Town of Newburgh as a defendant in this action, and mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED:

Dated: White Plains, New York
      May 12, 2025

_____
Philip M. Halpern
United States District Judge

---

21-CV-05673, 2023 WL 2432574, at *8 (S.D.N.Y. Mar. 8, 2023). It has been more than 90 days since April 10, 2023 (*i.e.*, the last date on which Plaintiff's claim arose), and Plaintiff has not pled that he filed a notice of claim. (Compl. at 4). Thus, construing the pleadings liberally, Plaintiff's state-law claims for relief must be dismissed for failure to comply with the notice of claim requirement. *See, e.g.*, *Brown v. Cnty. of Westchester*, No. 22-CV-06146, 2024 WL 21937, at *10 (S.D.N.Y. Jan. 2, 2024). Any state law claims Plaintiff wishes to press are, accordingly, dismissed.