**THOMAS**

Atto

363 B

Rye, N

(914) 484

(914) 83

Honorable Philip M. Halpern, U.S.D.J.
United States District Court for the Southe
300 Quarropas Street
White Plains, New York 10601

> Application granted in part. Plaintiff is directed to respond to Defendant's letter by January 5, 2026 setting forth his reasons for refusing to provide HIPAA authorizations. With respect to the non-party, Defendant is directed to supplement this request by providing the Court a copy of the subpoena and may file a proposed order for the Court's consideration. The deadline to complete all discovery is extended to January 30, 2026.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>          December 29, 2025

Re: Pedrow v. Police Officer Wendell Barbour, et. al.
   24 CV 4010 (PMH)

Dear Judge Halpern:

This letter submitted on behalf of the defendant, Police Officer Wendell Barbour, requests the scheduling of a pre-motion conference to obtain leave to  file a motion to compel certain discovery pursuant to Rule 4(D) of the Court's Individual Practices.

The current Case Management Plan requires that all fact discovery be completed by December 26, 2025 (ECF No. 39).

On August 6, 2025 the *pro se* incarcerated plaintiff, Jahiem Pedrow, was served with a Demand to Produce which requested, among other things, HIPAA authorizations which permitted me to obtain medical and health treatment records related to injuries he claims to have sustained allegedly caused by the actions of the defendant, Police Officer Barbour.  To date, the plaintiff has failed to provide a response.

During the deposition of the plaintiff taken on November 4, 2025, he identified several medical/mental health providers from whom he received treatment related to the claims raised in this litigation.  On November 24, 2025, I forwarded to the plaintiff, by regular mail, four HIPAA authorizations accompanied by a letter which requested him to execute the authorizations and return them to me in an enclosed stamped self-addressed envelope.  To date, the plaintiff has failed to return to me the executed authorizations.

On December 9, 2025, non-party witness Jessica Daniels was personally served with a Subpoena to attend a deposition by Microsoft Team Meeting.  The Subpoena commanded that Jessica Daniels appear remotely on December 23, 2025, at 10:00 a.m.  The Court issued an Order which directed the Clinton Correctional Facility to produce the plaintiff, Jahiem Pedrow, to attend the non-party depositions at such facility to be taken remotely by Microsoft Team Meeting (ECF No. 43).

Upon service of the Subpoena the process server hired by me exchanged cell phone numbers with non-party witness, Jessica Daniels.  The process server notified Jessica Daniels that,

if she encountered any difficulty on December 23, 2025 in logging onto the link for her deposition via Microsoft Team Meeting she ought to call the process server. Prior to December 23, 2025, the Microsoft Teams link was emailed by the process server to Jessica Daniels at **danielsj1977@yahoo.com.**

On December 22, 2025, the process server left Jessica Daniels a voicemail message on her cell phone and forwarded to her a text message to confirm that Ms. Daniels would attend her deposition. The process server did not receive a response, so at about 8 a.m. on December 23, 2025, she left another voicemail message for Jessica Daniels and forwarded a second text message to her. Jessica Daniels again did not respond and ultimately failed to appear remotely for her scheduled deposition on December 23, 2025.

Later that morning, the non-party witness deposition of Kevin Pedrow was taken via Microsoft Teams with the plaintiff in attendance. The deposition of non-party witness Kevin Pedrow was completed at about 1:00 p.m. At no time did Jessica Daniels log on to the Microsoft Team Meeting so that her deposition could be taken.

Before commencement of the deposition of Kevin Pedrow on December 23, 2025, I had a remote "meet and confer" conference with the *pro se* plaintiff about his failure to have provided to me the fully executed HIPAA authorizations. At that time, the plaintiff outright refused to provide the HIPAA authorizations. At the end of the nonparty witness deposition of Kevin Pedrow, the plaintiff's refusal to provide HIPAA authorizations, which he acknowledged having received from me by regular mail, was placed on the record.

It is respectfully requested that a conference be held and the defendant, Police Officer Barbour, be granted leave to file a motion (i) for issuance of an Order which directs that the *pro se* plaintiff be compelled to fully execute and provide HIPAA authorizations and that (ii) the Court issue a "So Ordered" Subpoena directing that Jessical Daniels appear remotely for her non-party witness deposition..

It is further requested that the current fact discovery deadline of December 26, 2025, be extended only for the plaintiff to provide the HIPAA authorizations and to permit the taking of the non-party witness deposition of Jessica Daniels.

Respectfully Submitted,

THOMAS J. TROETTI

cc: Jahiem Pedrow, *Pro Se* Plaintiff (by regular mail)